**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Richard WHITEHEAD, True Name, Edward Tremblay, Defendant-Appellant.**

**No. 25071.**

United States Court of Appeals, Ninth Circuit.

June 5, 1970.

Bill Williamson, Portland, Or. (argued), Edward Tremblay, for defendant-appellant.

Jack Wong (argued) Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland Or., for plaintiff-appellee.

Before BROWNING and HUFSTED-LER, Circuit Judges, and BATTIN,* District Judge.

PER CURIAM.

Appellant makes a number of arguments seeking to convince us that we should overturn his conviction on a Dyer Act charge (18 U.S.C. § 2312), because he did not receive a fair trial. We think he was fairly tried.

First, he says that the district court presented him in a bad light before the jury by references to other names appellant had used. The appellant himself generated the confusion over his name by using multiple aliases and by telling inconsistent stories about his true name. There is no indication that the challenged references were inappropriate in the context of this trial.

Second, he claims that there was plain error in admitting evidence of other crimes. That evidence was relevant to prove material factual issues; it was not offered or admitted for the purpose of showing appellant's bad character. That the evidence was admissible under the circumstances is well settled. (*E.g.,* Parker v. United States (9th Cir. 1968) 400 F.2d 248; Metheany v. United States (9th Cir. 1968) 390 F.2d 559.)

Next, he complains about the admission of certain statements he gave to law enforcement officers while he was in jail and after he had been fully advised pursuant to *Miranda.* No rule exists excluding admissions obtained from a suspect on the ground solely that he made the statements while he was in jail.

Finally, he says that certain real evidence should have been excluded because it was the product of an illegal search and seizure. The argument is doomed because there was neither a search nor a seizure if the officers' testimony was credited, and the district court expressly found that it was true. We have no reason to interfere with that exercise of the district court's prerogative.

No other arguments require either statement or comment.

The judgment is affirmed.

---

* Hon. James F. Battin, United States District Court Judge, Billings Montana, sitting by designation.